UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBRA A. WATERS,

    Plaintiff,

v.                                       Case No. 3:24-cv-251-MMH-JBT

NICHOLE ANNE ROCKETT,

    Defendant.

### O R D E R

**THIS CAUSE** is before the Court on Defendant Nichole Rockett's Notice of Removal (Doc. 1; Notice). Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008). "In a given case, a federal district court must

have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Rockett seeks to invoke the Court's federal question jurisdiction.[1] See generally Notice.

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet his burden of proving proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1294–95; see also Ehlen Floor Covering, 660 F.3d at 1287. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294. Moreover, a district court "may remand a case sua sponte for lack of subject matter

---

[1] Rockett does not assert, nor does it appear, that the Court has diversity jurisdiction over this action.

jurisdiction at any time." Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

Plaintiff Debra A. Waters initiated this case by filing a complaint for eviction in the County Court in and for the Fourth Judicial Circuit, Clay County, Florida. See generally Eviction Summons/Residential - Counts I & II (Doc. 2; Complaint).[2] Defendant Nichole Rockett attempted to remove the eviction action to this Court on March 11, 2024. See generally Notice. Upon review, the Court finds that this case is due to be remanded because the Court lacks federal question jurisdiction over the action. Indeed, the claims Waters asserts in the Complaint do not present a federal question or arise under a specific statutory grant. Instead, Waters asserts state-law claims for eviction and damages for unpaid rent and legal fees. See generally Complaint. A state law claim may give rise to federal question jurisdiction if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see also Adventure Outdoors, 552 F.3d at 1295 (recognizing "that 'Grable exemplifies' a 'slim category' of cases." (citation omitted)). On the face of the Complaint, however, Waters does

---

[2] Rather than filing the Eviction Complaint as a separate document, Rockett filed it as an attached exhibit to her Eviction Summons.

not raise a "substantial" federal question, as she simply seeks to evict a tenant and recover damages. See generally Complaint.

While Rockett references "claims under the FDCPA and FCRA" in her Notice, see Notice at 2, she presents none. Regardless, even if Rockett intends to assert a counterclaim against Waters under either of the FDCPA or FCRA, such a counterclaim cannot serve as a basis to establish federal question jurisdiction.[3] See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830–32 (2002) ("[W]e decline to transform the longstanding well-pleaded complaint rule into the 'well-pleaded-complaint-or-counterclaim rule.'") (emphasis in original). As such, upon review of the Complaint, which presents no federal claim, the Court determines that it lacks subject matter jurisdiction over this action and removal is improper.

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to remand this case to the County Court in and for the Fourth Judicial Circuit, Clay County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

---

[3] In the Notice, Rockett suggests that the Court "has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367." See Notice at 2. However, pursuant to section 1367, a court must first have federal question jurisdiction before it can exercise supplemental jurisdiction over any state law claims. As explained above, the Complaint does not present a federal question.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record

Pro Se Parties

Clerk of Court,
Fourth Judicial Circuit, Clay County, Florida